**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARCUS WOMACK, | |
| Appellant | No. 1068 EDA 2015 |

Appeal from the Judgment of Sentence March 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012593-2014

BEFORE: BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 01, 2016**

Marcus Womack appeals from the judgment of sentence imposed on March 27, 2015, after he was convicted at a bench trial of possession of a controlled substance with intent to manufacture or deliver ("PWID") and intentional possession of a controlled substance. We affirm.

The record establishes the following. On August 7, 2014, at approximately 9:05 p.m., Officer Jason Tomon stopped Appellant near the 4300 block of Wayne Avenue in Philadelphia, Pennsylvania. Officer Tomon observed that Appellant matched flash information provided the night before through other officers operating in the area. That flash indicated a black male, wearing a white shirt and tan shorts, had fled from police on a silver bicycle. At the time of his encounter with Officer Tomon, Appellant, a black

_____

* Retired Senior Judge assigned to the Superior Court.

male, was wearing a white shirt and tan shorts. He was also riding a silver bicycle, which Officer Tomon determined was in violation of the Motor Vehicle Code § 3507(a), requiring lights on a bicycle.[1]

After stopping Appellant, Officer Tomon directed Appellant to remain on his bicycle. He observed Appellant holding his legs tightly against the frame of the bicycle and a bulge near Appellant's rear. Believing the bulge concealed contraband or a firearm, Officer Tomon attempted to frisk Appellant, eliciting the response, "I have a boil; don't touch me." N.T. Trial, 11/26/15, at 8. Officer Tomon persisted, and upon frisking Appellant, "immediately recognized the presence of narcotics." *Id*. Fifty-four bags of crack cocaine, five bags of marijuana, and thirty-eight dollars in cash were recovered from Appellant.

Based on this encounter, Appellant was charged with the above-mentioned crimes and a traffic violation report ("TVR") was filed against him as a result of the traffic code violation. Appellant filed a pretrial motion to suppress the physical evidence obtained by Officer Tomon, arguing that he was arrested without probable cause or a legally issued warrant, and that the search of his person was conducted on less than reasonable suspicion,

---

[1] 75 Pa.C.S. § 3507(a) reads, in pertinent part, "Every pedalcycle when in use between sunset and sunrise shall be equipped on the front with a lamp which emits a beam of white light intended to illuminate the pedalcycle operator's path." Appellant does not contend he was in compliance with this subsection at the time of his arrest.

without probable cause, and without a warrant. A suppression hearing was conducted, and after hearing argument on the motion, the trial court declined to suppress the physical evidence. Appellant immediately proceeded to a bench trial where he was found guilty of the above-named offenses. Thereafter, the court sentenced Appellant to two to four years state incarceration and thirty-six months probation. This timely appeal followed.

The Appellant raises the following issue for our consideration:

1. Where the defendant was detained and searched solely on the basis of flash information from one day prior (which alleged no illegal behavior), riding a bicycle without headlights and a bulge in his pants, was not such detention and search unsupported by reasonable suspicion or probable cause, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution, and therefore should not the drugs subsequently seized by the police have been suppressed?

Appellant's brief at 3.

In cases involving a review of the denial of a defendant's suppression motion, we are subject to the following standard of review:

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's

factual findings are supported by the record, [the appellate court] is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [] plenary review.

*Commonwealth v. Jones*, 121 A.3d 524, 526-527 (Pa.Super. 2015), quoting *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (internal citations and quotation marks omitted).

In the present case, the suppression court concluded Officer Tomon had reasonable suspicion to stop Appellant because he matched the flash description provided by fellow officers working in the same area the night before. Furthermore, the court determined Officer Tomon had reasonable suspicion to stop the Appellant and investigate further based on the motor vehicle violation.

Appellant argues the generic identifying information and lack of any indication of criminal activity provided in the flash information does not support that Officer Tomon had reasonable suspicion of criminal activity. For the reasons set out below, Appellant's argument is beside the point, as he concedes that "officers in the instant case saw appellant riding a bike without lights in violation of 3507-A of the Motor Vehicle Code." Appellant's brief at 9.

Initially we note, the level of suspicion that a police officer must possess before stopping a vehicle[2] is codified at 75 Pa.C.S. § 6308(b), which states:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

*Id*.

This Court clarified this general rule in **Commonwealth v. Feczko**, 10 A.3d 1285 (Pa.Super. 2010) (*en banc*). In **Feczko**, this Court determined that the language of Section 6308(b), as interpreted by our Supreme Court, establishes that mere reasonable suspicion is required to effectuate a traffic stop based on suspicion of criminal activity or a suspected violation of the Motor Vehicle Code requiring additional investigation. **Id.** at 1291. On the other hand, where a traffic stop "cannot serve an investigatory purpose relevant to the suspected violation," reasonable suspicion is not sufficient to justify the stop. **Id**. Rather, the officer must "articulate specific facts possessed by him, at the time of the questioned stop, **which would provide probable cause to believe that the vehicle or the driver was**

---

[2] Under 75 Pa.C.S. § 3501(a), the provisions of the Motor Vehicle Code apply to individuals riding a bicycle on a roadway.

**in violation of some provision of the Code**." *Id*. (citation omitted, emphasis original).

Probable cause exists when the facts and circumstances are sufficient in themselves to warrant a person of reasonable caution in the belief that the driver or the vehicle has violated the vehicle code. *Commonwealth v. Weaver*, 76 A.3d 562, 565 (Pa.Super. 2013) *aff'd*, 105 A.3d 656 (Pa. 2014). Probable cause is determined by the totality of the circumstances, and it is "the facts and circumstances within the personal knowledge of the police officer that frames the determination of the existence of probable cause." *Id*. (citation omitted).

Here, Appellant was stopped due to Officer Tomon's observation that he was operating his bicycle after dusk without headlights. The officer's personal observation and knowledge of the Motor Vehicle Code violation supplied probable cause for him to initiate the traffic stop. Thus, we find the suppression court erred in determining Officer Tomon had mere reasonable suspicion to stop Appellant. Instead, the stop of Appellant was supported by probable cause.

In the course of the traffic stop, Officer Tomon noted Appellant held his legs extremely tight to the frame of the bicycle and had an unnatural bulge in his back. Officer Tomon testified, and the trial court credited, that he believed Appellant was "hiding contraband, possibly a firearm." N.T. Trial, 1/26/15, at 8. Under *Terry v. Ohio*, 392 U.S. 1 (1968), "[w]hen an

officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others," the officer may conduct a protective search "to determine whether the person is in fact carrying a weapon." ***Id***. at 24; ***Commonwealth v. Pakacki***, 901 A.2d 983, 988 (Pa.Super. 2006). As Appellant was lawfully stopped at the time Officer Tomon observed his suspicious behavior and conducted a lawful protective search of a bulge he suspected contained a firearm, we find Appellant's rights were not violated.[3]

In sum, Appellant's traffic stop was valid, and the reasonable suspicion for the ensuing protective frisk is supported by the record. Although the trial court applied the wrong standard to the facts at issue, we may affirm on any grounds supported by the record, even grounds not suggested to or known by the trial court. ***Commonwealth v. Gatlos***, 76 A.3d 44, 62 n.14 (Pa.Super. 2013). Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[3] We note Appellant raised an additional issue in his 1925(b) statement, that the seizure at issue here cannot be supported by the "plain feel" doctrine. Appellant did not brief this issue, and accordingly, it is waived. ***See generally***, Appellant's brief; ***see also Commonwealth v. Berry***, 887 A.2d 479, 485 (Pa.Super. 2005) (issues not briefed are waived).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2016